UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH J. CARUSO, AS CHAPTER 7 TRUSTEE FOR INTEGRA BANK CORPORATION and FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INTEGRA BANK, N.A., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:11-cv-19-RLY-WGH |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON THE FDIC-RECEIVER'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

On April 19, 2012, Plaintiff Federal Deposit Insurance Corporation, as Receiver for Integra Bank, N.A. ("FDIC-Receiver") filed its Motion for Leave to File an Amended Complaint. Also before the court is the Motion for Leave to File Surreply filed by the Chapter 7 Trustee of Integra Bank Corporation ("Trustee") on May 21, 2012.[1]

**I. Discussion**

The original Complaint in this case was filed by Integra Bank Corporation and Integra Bank, N.A. ("the original Plaintiffs"). The original Plaintiffs collectively alleged that Defendant issued to them a Financial Institution Select Bond ("the Bond")

---

[1] The Trustee's Motion for Leave to File Surreply is **GRANTED.**

(Complaint ¶ 11), which, among other things, insured them against a "[l]oss resulting directly from dishonest or fraudulent acts committed by an employee acting alone or in collusion with others" (*Id*. ¶ 16) and insured them against certain losses resulting from forgery (*Id*. ¶ 20). The original Plaintiffs further alleged that they had suffered such covered losses at the hands of one of their former employees, Stuart Harrington ("Harrington"), and as a result of a credit relationship with Louis J. Pearlman ("Pearlman") that went bad. (*Id*. ¶ 28). The original Plaintiffs filed suit against Defendant alleging that they had provided Defendant with notice of certain claims under the Bond, but that Defendant has refused to indemnify them. The original Plaintiffs: (1) sought a declaratory judgment that they were entitled to indemnity under the Bond for losses caused by Harrington's dishonest and fraudulent conduct (Complaint ¶ 152); (2) sought a declaratory judgment that they were entitled to indemnity under the Bond for losses caused by the forgery of stock certificates (*Id*. ¶ 169); and (3) alleged that Defendant was in breach of the terms of the Bond by failing and/or refusing to provide coverage to original Plaintiffs for losses associated with the dishonest and fraudulent conduct and the forgery (*Id*. ¶¶ 166, 181).

Subsequent to the original Plaintiffs filing this lawsuit, several significant events have occurred. First, Integra Bank, N.A., was closed by the United States Office of the Comptroller of the Currency and the FDIC-Receiver was appointed as its receiver. Second, Integra Bank Corporation sought bankruptcy protection pursuant to Chapter 7 of the U.S. Bankruptcy Code, and the Trustee was appointed as trustee of the bankruptcy

estate. The court then substituted the FDIC-Receiver (for Integra Bank, N.A.) and the Trustee (for Integra Bank Corporation) as the new Plaintiffs in this case. (*See* Docket Nos. 48, 56).

The FDIC-Receiver then filed its Motion for Leave to File an Amended Complaint with the intent "to separate out its claims as [Integra Bank, N.A.'s] successor." (Motion for Leave to File an Amended Complaint at 2). The proposed Amended Complaint, therefore, distinguishes Integra Bank, N.A., from Integra Bank Corporation, whereas the original Complaint had referred to the two original Plaintiffs collectively. Throughout the proposed Amended Complaint, the FDIC-Receiver has now asserted that it was Integra Bank, N.A., that was defrauded by Harrington's and Pearlman's scheme, and that it was Integra Bank, N.A., that was entitled to indemnity under the Bond.[2] And, the FDIC-Receiver asserts that, because it is now the receiver for Integra Bank, N.A., pursuant to 12 U.S.C. § 1821(d)(2)(A)(i), it "succeeded to 'all rights, titles, powers, and privileges of the insured depository institution, and of any stockholder . . . with respect to the institution and the assets of the institution,' including (but not limited to) Integra's claims in this case and rights with respect to the F&D Bond." (Proposed Amended Complaint ¶ 5).

---

[2]No mention is made in the proposed Amended Complaint of the Integra Bank Corporation being wronged by the Harrington and Pearlman scheme, nor is there any suggestion that the Integra Bank Corporation is entitled to indemnity under the Bond. In fact, the FDIC-Receiver, in its Reply, confirms that its view is that the Trustee has no claims pursuant to the Bond: "The Trustee is free to bring her own complaint with whatever claims she may have (and she has none—that is one of her problems)." (Reply at 2).

3

The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15(a). Furthermore, Rule 15(d) permits a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

In this case, the Trustee argues that the FDIC-Receiver's Motion for Leave to File an Amended Complaint should be denied because the Trustee is a co-Plaintiff that does not agree to the amendment of the Complaint and that the FDIC-Receiver is not permitted to unilaterally amend the Complaint in a manner that essentially dismisses the Trustee from the suit. The Trustee also argues that Integra Bank, N.A., joined in the original Complaint as a co-Plaintiff and asserted that both it and Integra Bank Corporation were collectively entitled to relief under the Bond, and that the FDIC-Receiver (now standing in the shoes of Integra Bank, N.A.) is estopped from challenging or seeking the dismissal of Integra Bank Corporation's (now the Trustee's) claims. The FDIC-Receiver asserts that it is not trying to unilaterally dismiss the Trustee's claims. Instead, the FDIC-Receiver argues that the circumstances have changed dramatically, and that it has a right to amend the Complaint in order to reassert its claims as successor to Integra Bank, N.A.

The court agrees that the circumstances have, in fact, changed dramatically, and that the original Complaint must be *supplemented* in order to reflect the changes that have

occurred. Therefore, the FDIC-Receiver's Motion for Leave to File an Amended Complaint should be converted to a Motion to Supplement the Complaint under Rule 15(d). The original Plaintiffs have now been replaced with completely different entities and there is no longer, if there ever was, a unity of interests. Contrary to the Trustee's assertions, the FDIC-Receiver is not estopped from now alleging that it (as successor in interest to Integra Bank, N.A.) was the only party wronged by Defendant.[3] However, the Trustee should also be permitted to file a separate supplemental complaint in order to reflect the Trustee's position.

## II.     Conclusion

For the reasons outlined above, the Trustee's Motion for Leave to File Surreply (Docket # 108) is **GRANTED.** The FDIC-Receiver's Motion for Leave to Amend Complaint (Docket # 100) is also **GRANTED, in part.** The FDIC-Receiver is **ORDERED** to re-file a new complaint as a *supplemental* complaint within fourteen (14) days of the date of this Order. The Trustee will have fourteen (14) days from the date of this Order to file its own supplemental complaint. If Plaintiffs intend to file any

---

[3]If the facts reveal that both, or only one, of the Plaintiffs are entitled to relief, then it is in the interests of justice to ensure that each Plaintiff is entitled to the correct amount of relief pursuant to the Bond. Forcing the FDIC-Receiver to be bound by the original Complaint and, therefore, entitling both Plaintiffs to take equally, if at all, under the Bond may very well not be in the interests of justice.

cross-claims, they should do so as a part of their supplemental complaints.

**SO ORDERED** this 11th day of July 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Antony S. Burt
SCHIFF HARDIN LLP
aburt@schiffhardin.com

Daniel John Deeb
SCHIFF HARDIN LLP
ddeeb@schiffhardin.com

David C. Giles
SCHIFF HARDIN LLP
dgiles@schiffhardin.com

Valarie Hays
SCHIFF HARDIN LLP
vhays@schiffhardin.com

John C. Hoard
RUBIN & LEVIN, PC
johnh@rubin-levin.net

Jacob L. Kahn
SCHIFF HARDIN LLP
jkahn@schiffhardin.com

Elizabeth M. Lally
RUBIN & LEON, P.C.
elally@rubin-levin.net

Elliott D. Levin
RUBIN & LEVIN, PC
edl@rubin-levin.net

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Vess Allen Miller
COHEN & MALAD LLP
vmiller@cohenandmalad.com

Gregory E. Ostfeld
GREENBERG TRAURIG, LLP
ostfeldg@gtlaw.com

Regina A. Ripley
GORDON REES, LLP
rripley@gordonrees.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

Scott L. Schmookler
Gordon Rees, LLP
sschmookler@gordonrees.com

Richard E. Shevitz
COHEN & MALAD LLP
rshevitz@cohenandmalad.com