UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Integra Bank, N.A., <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY AND DEPOSIT COMPANY OF MARYLAND, <br><br> Defendant. | ) ) ) ) ) ) ) ) 3:11-cv-19-RLY-WGH ) ) ) ) ) |

**ENTRY ON MOTION FOR PROTECTIVE ORDER**

Plaintiff, Federal Deposit Insurance Corporation, as receiver for Integra Bank, N.A. ("FDIC"), seeks to recover on a financial institution bond issued to Integra by Defendant, Fidelity and Deposit Company of Maryland ("F&D"). FDIC now seeks a protective order to prevent F&D from deposing Integra's former litigation counsel, Lawrence Rifken. (Docket No. 148).[1] For the reasons set forth below, FDIC's motion is **GRANTED**.

---

[1] F&D filed a reply (Docket No. 162) and a Motion to Seal (Docket No. 164) an additional portion of their response filed separately from the response. (Docket No. 163). The Magistrate Judge has declined to review Docket No. 163 in resolving this Motion for Protective Order. While certain materials developed during discovery may be subject to protection *from discovery* by the opposing party, once a party has provided them *to the court* to consider in a litigated motion, the party tendering them waives that protection. The court cannot render a public record opinion on a discovery dispute while also shielding those materials from the other party and the public. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002). Since courts are not allowed to consider

I.  **Factual Background and Procedural History**[2]

After Pearlman defaulted on two of his loans from Integra in late 2006, Integra retained Rifken to explore and pursue litigation against Pearlman in connection with those and other loans. (*See, e.g.*, Plaintiff's Ex. B). Rifken represented Integra in the following matters: (1) its direct lawsuit against Pearlman and his corporate entity, Trans Continental Airlines ("TCA") (*id.*); (2) forcing Pearlman and TCA into involuntary bankruptcy (Plaintiff's Ex. C); (3) defending Integra in a lawsuit filed by victims of Pearlman's Ponzi scheme (Plaintiff's Ex. D); (4) defending Integra in an adversary proceeding by Pearlman's Bankruptcy Trustee (Plaintiff's Ex. E); and (5) this current action. (Docket No. 1). On October 26, 2011, FDIC was substituted for Integra as plaintiff, and FDIC's attorneys became counsel of record on January 12, 2012. (Docket No. 56, 71-74).

On December 17, 2012, F&D's counsel notified FDIC's counsel that it intended to depose Rifken. (Docket No. 142, Ex. K at 2). On March 29, 2013, F&D filed an emergency motion to take an additional ten depositions. (Docket No. 149). On April 9, 2013, Magistrate Judge William G. Hussmann, Jr., granted in part and denied in part F&D's motion, requiring F&D to show good

---

*ex parte* briefs, *see generally* S.D.IND.L.R. 7.1, F&D's Motion to Seal (Docket No. 164) is **DENIED**.

[2] The court has addressed much of the background in its companion Entry on F&D's Motion to Compel (Docket No. 189) and incorporates that section by reference. The court's discussion in this entry is limited to those facts related to Rifken's representation of Integra.

cause for deposing anyone not listed in the order, which Rifken was not. (Docket No. 153 ¶ 3).

## II. Legal Standard

Federal Rule of Civil Procedure 26 requires parties to engage in broad, open discovery, as "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). This broad discovery can, in some instances, include deposing the opposing party's trial counsel. *See* FED. R. CIV. P. 30(a), 31(a); *Am. Cas. Co. of Reading, Pa. v. Krieger, et al.*, 160 F.R.D 582, 585 (S.D. Cal. 1995). However, Rule 26 also authorizes protective orders to limit or preclude discovery when there are less burdensome, inconvenient, or expensive sources, or when the burden and expense for the movant outweigh the likely benefit for the non-movant. FED. R. CIV. P. 26(b)(2)(C)(i),(iii), (c)(1)(A). Protecting lawyers from having to convey what their clients told them or their mental impressions while representing clients helps to maintain the standards of the legal impression. *Hickman v. Taylor*, 329 U.S. 495, 512-13, 67 S. Ct. 385, 91 L. Ed. 451 (1947). Therefore, protective orders are often appropriate when a party seeks to depose the opposing party's counsel, which courts view with a "jaundiced eye." *M&R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992).

Normally, the party seeking to prevent discovery bears the burden of proof as to why privilege should apply. *See, e.g. Mullins v. Dep't of Labor of Puerto Rico*, 269 F.R.D. 172, 175-76 (D. P.R. 2010); *Rockies Express Pipeline LLC v. 58.6 Acres*, 2009 WL 5219025, at *3 (S.D. Ind. Dec. 31, 2009). However,

due to the court's mandate that F&D show good cause for additional depositions, F&D must show that: "(1) no other means exist[s] to obtain the information than to depose opposing counsel, . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Sherman v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).[3]

## III. Discussion

### A. Other Means to Obtain the Information

F&D claims that Rifken's extensive communications with F&D, Integra personnel (that were not privileged), federal government agents, and the Pearlman/TCA Bankruptcy Trustee gave him unique knowledge about facts essential to F&D's defenses of Integra's compliance with the discovery and notice provisions in the bond. (Defendant's Response at 7). Since Rifken alone has non-privileged knowledge relevant to F&D's defenses, F&D should be able to depose him. (Defendant's Response at 7-8 (citing *Specht, et al. v. Google, Inc.*, 268 F.R.D. 596, 602 (N.D. Ill. 2010); *Am. Cas. Co.*, 160 F.R.D. at 690)). FDIC counters that F&D's argument is meritless on its face—F&D's focus on

---

[3] F&D argues that the Seventh Circuit has not adopted *Shelton*, *Miyano Machinery, USA v. Miyano Hitec Machinery, Inc., et. al.*, 257 F.R.D. 456, 464 (N.D. Ill. 2008), and *Shelton* is inapposite, since F&D seeks to question Rifken only about his actions prior to the present litigation. Therefore, Rifken's communications are not protected under the work-product doctrine. *Cascone v. The Niles Home for Children*, 897 F. Supp. 1263, 1267 (W.D. Mo. 1995); *Kaiser v. Mut. Life Ins. Co., et. al.*, 161 F.R.D. 378, 381, 382 (S.D. Ind. 1994). However, courts in the Seventh Circuit have used a *Shelton* analysis, including the *Miyano* court itself. 257 F.R.D. at 464-65. Also, since courts analyze the "propriety and need" for an attorney's deposition, regardless of whether they cite *Shelton* or not, *see, e.g.*, *Howard v. Securitas Sec. Servs., USA Inc.*, 630 F. Supp. 2d 905, 910-11 (N.D. Ill. 2009), the court analyzes FDIC's motion under *Shelton*.

Rifken's communications with others shows that Rifken is not the sole source of the information. (Plaintiff's Reply at 13 (citing Defendant's Response at 2, 8)).

The court agrees with FDIC. As FDIC notes, F&D has already deposed several Integra officials and has noticed the deposition of the Pearlman Bankruptcy Trustee. (*Id.*). Even assuming the information sought is not privileged, F&D has offered no proof that Rifken possesses unique knowledge of these communications. The court therefore finds F&D has failed to meet the first element.

### B. Information sought is privileged

#### 1. Legal Standards

Materials protected by either attorney-client or work-product privilege are shielded from discovery. The attorney-client privilege "protects communications made in confidence by a client and client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice." *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010) (citations omitted). The privilege belongs to the client, although an attorney may raise it on a client's behalf. *Id.*

For materials to be covered by attorney-client privilege, the court must determine: (1) whether legal advice was sought from an attorney in her capacity as an attorney; and (2) whether any communications between the client and her attorney or attorney's agent were germane to that purpose and made confidentially. *Id.* (citing *U.S. v. Evans*, 113 F.3d 1457, 1461 (7th Cir.

5

1997). The party invoking attorney-client privilege must make a prima facie showing of these elements. *Rockies Express*, 2009 WL 5219025, at \*3.

Work-product privilege protects "**(1)** documents and tangible things that are **(2)** prepared in anticipation of litigation or for trial **(3)** by or for another party or its representative." FED. R. CIV. P. 26(b)(3)(A) (emphasis and numbering added). The purpose is to protect an attorney's thought processes and mental processes and to avoid allowing a less diligent attorney to piggyback on the adverse attorney's trial preparation. *Sandra T.E.*, 600 F.3d at 622. Nonetheless, these materials may be discovered if they fall within Rule 26(b)(1)'s scope, the party has substantial need for the documents, and the party cannot otherwise obtain their substantial equivalents without undue hardship. FED. R. CIV. P. 26(b)(3)(A)(i-ii). If disclosure is mandated, any attorney mental impressions must be redacted from the materials before they are given to the adverse party. *Id.* at 26(b)(3)(B).

### 2. Discussion

F&D claims that Rifken's communications are not covered by either attorney-client or work-product privilege. It argues Rifken's communications were either with third parties or based upon communications that Integra produced, and thus Integra waived any attorney-client privilege that may have existed in them. (Defendant's Response at 8 (citing *Am. Cas. Co.*, 160 F.R.D. at 590)). Since Rifken was working in a business, rather than legal capacity, when he was making these communications, and the communications happened before this litigation commenced, they cannot be considered work

6

product.  (*Id.* (citing *Stout v. Ill. Farmers Ins. Co.*, 150 F.R.D. 594 (S.D. Ind. 1993); *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655 (S.D. Ind. 1991)).  FDIC briefly rejoins that Integra had anticipated litigation involving Pearlman long before the commencement of the action, before the FBI even issued a subpoena to Integra.  Therefore, the communications should be protected under both work-product and attorney-client privilege.  (Plaintiff's Reply at 9 (citing *Martin v. Monfort, Inc.*, 150 F.R.D. 172, 173 (D. Colo. 1993)).

F&D is correct that business communications are not privileged and would not be subject to a protective order.  *Upjohn Co. v. United States*, 449 U.S. 383, 389-90, 101 S. Ct. 677, 67 L. Ed. 2d 584 (1981) (citations omitted); *Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003).  However, F&D offers no proof that Rifken ever worked in a business advisor capacity.  To the contrary, Rifken's communications with Integra officials all appear to be related to Integra's overall litigation against and involving Pearlman.  Given Rifken's status as outside counsel, and that he was never employed by Integra, conclusory statements that he was acting in a business capacity are insufficient for F&D to meet its burden.

Moreover, even if the communications were not made in connection with this litigation, the attorney-client privilege would still apply, assuming that Integra had not waived the privilege otherwise.[4]  Any communications between Rifken, the Pearlman Bankruptcy Trustee, and other members of the Pearlman Bankruptcy Creditors Committee are protected by the common interest

---

[4] Even if Integra had waived privilege to some communications, that would beg the question of whether Rifken is indeed the only available source of information.

7

doctrine, so long as the communications and work-product relate to a common legal interest, e.g., maximizing the bankruptcy estate value. *U.S. v. BDO Seidman LLP*, 492 F.3d 806, 815-16 (7th Cir. 2007); *In re Mortgage & Realty Trust*, 212 B.R. 649, 653-54 (Bankr. C.D. Cal. 1997). Rifken was working as Integra's litigation counsel during the bankruptcy proceedings, and F&D has offered no evidence that the communications with the Trustee and Creditors Committee members were not made as a legal analyst. Therefore, Rifken's communications are all protected by either attorney-client or work-product privilege or the common interest doctrine.

### C. F&D does not show how the information is critical to its case preparation.

As discussed *supra*, F&D claims that Rifken's information is essential to its affirmative defenses that Integra did not notice or discover the fraud by Integra Vice President Stuart Harrington during the bond coverage period. F&D's argument, like its argument that Rifken was the only source of information, is based entirely on conclusory statements. Evaluated against the good cause standard set out by this court (Docket No. 153 ¶ 3), the argument is insufficient.

### IV. Conclusion

A party seeking the deposition of opposing counsel bears a heavy burden to show that it is necessary. F&D has failed to satisfy any of the required *Shelton* elements and falls well short of demonstrating good cause for deposing

8

Rifken.  FDIC's Motion for Protective Order (Docket No. 148) is hereby

**GRANTED**.

    **IT IS SO ORDERED** the 3rd day of June.

                                            William G. Hussmann, Jr.
                                            United States Magistrate Judge
                                            Southern District of Indiana

Electronic distribution to ECF-registered counsel of record.