UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FEDERAL DEPOSIT INSURANCE      )
CORPORATION as Receiver for Integra )
Bank, N.A.,                    )
                               )
                Plaintiff,     )
                               )
        v.                     )          3:11-cv-19-RLY-WGH
                               )
FIDELITY AND DEPOSIT COMPANY   )
OF MARYLAND,                   )
                               )
                Defendant.     )

**ENTRY ON PLAINTIFF'S MOTION TO RECONSIDER**

On September 25, 2013, Plaintiff Federal Deposit Insurance Corporation

("the FDIC") moved the Court to reconsider or clarify its order of June 3, 2013.

(Docket No. 254).  The June 3, 2013 order granted Defendant Fidelity and

Deposit Company of Marlyand's ("F&D") motion to compel production of

communications between Jeffrey Devine, formerly Integra Bank's in-house

counsel, and Integra officials.  (*See* Dkt. 189).  The Court, having considered

the motion, the parties' filings, and relevant law, and being duly advised,

hereby **GRANTS** the motion.

## I.    Background

On February 25, 2013, F&D moved the Court to compel the FDIC to

produce certain documents prepared by, and communications from, Jeffrey

Devine, who served as Integra's in-house counsel during times relevant to this

litigation.  (*See generally* Dkt. 142).  In response, the FDIC claimed that it was

privileged to withhold many of the documents encompassed by F&D's request

on grounds that they were attorney-client communications or attorney work-

product.  (*See generally* Dkt. 147).  Complicating matters, the FDIC argued that

the overwhelming number of documents in question made it impracticable for

the FDIC to assert privilege on a document-by-document basis.  (*See id.* at 17–

20).[1]  Instead, the FDIC submitted a categorical privilege log dividing the

universe of discoverable—but allegedly privileged—documents into some 36

categories and briefly describing the nature of the documents to be found in

each category.  (*See* Dkt. 142-5 at 71–78).

In light of the volume of documents implicated, the Court accepted the

FDIC's categorical approach to determining which documents were privileged,

but it did not accept that every category actually was privileged.  (Dkt. 189 at

17).  The FDIC's argument was simple: Devine, as in-house counsel, was

Integra's chief legal advisor, and the categorical descriptions it offered clearly

demonstrated that the documents in those categories were sent to or from

Devine in that role, so they were privileged.  (Dkt. 147 at 15–16, 20).  The Court

found that only 18 of the categorical descriptions merited the protections of

privilege and ordered the FDIC to produce all documents from the other 18

categories.  (Dkt. 189 at 17).  The remaining descriptions were "simply too

vague to allow F&D or the court to determine that these communications were

made to or from Devine while he acted in his legal advisor role."  (Dkt. 189 at

---

[1] The number of documents addressed in the categorical privilege log is approximately 12,000.

7).  As a point of clarification, the Court added that "communications between Devine, as an Integra executive, and Integra's outside counsel" would be privileged "provided that the outside counsel was functioning in a legal capacity" and found 11 categories of documents privileged on that theory.  (*Id.* at 7 n.1, 17 n.4).

In a status conference on September 11, the FDIC suggested the Court's entry on the motion to compel entitled it to submit a revised categorical privilege log and obligated the Court to protect categories of documents as privileged if their revised descriptions more clearly demonstrated that Devine sent or received them in a legal capacity.  F&D, who has objected to a categorical approach to establishing privilege from the get-go, understandably resisted re-opening the matter and has soundly articulated its opposition to giving the FDIC a second bite at the apple both during the status conference and in its brief on this motion.  (*See* Dkt. 142 at 12–13; Dkt. 269 at 2, 6–9). However, the Court's original order at least implicitly granted the FDIC that opportunity, stating "FDIC may supplement its privilege log to enable the court to determine in which documents Devine was acting in a legal capacity."  (Dkt. 189 at 17).

Consistent with that passage, the Court ordered on September 17 that the FDIC could submit a supplemental privilege log and win privilege as to previously compelled documents if the revised descriptions convince the Court that those categories of documents are in fact privileged.  (Dkt. 250).  The Court cautioned, however, that "[t]he Magistrate Judge will only reconsider

Docket No. 189 upon a clear showing if those categories contain documents from Devine or to Devine that clearly establish that Devine was acting in a legal capacity." (*Id.* at 1–2).  The FDIC has submitted an updated log with revised descriptions for five categories of documents that it argues clearly entitle it to the protections of attorney-client privilege.  (*See* Dkt. 254-1at ¶¶ 25–28, 30).  It also has offered—under seal and for *in camera* review—ten sample documents it attests are representative of all the documents in those five categories.[2]  (Dkt. 251-1–255-10).

## II.   Legal Standard

Motions to reconsider serve an important but narrow function in the law. Because of the motion's value to a litigant who has been misunderstood by the court or whose position has been altered by the emergence of significant evidence or a compelling development in the controlling law, *see Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191–92 (7th Cir. 1990), a court has power to reconsider any order it issues, *see In re August, 1993 Regular Grand Jury (Med. Corp. Subpoena I)*, 854 F. Supp. 1403, 1407 (S.D. Ind. 1994).  It should do so only rarely, however, because reopening settled matters grates against the law's reverence for finality and repose.  *Med. Corp. Subpoena I*, 854 F. Supp. at 1406.  Because these values are critical to "upholding the integrity of the legal system," *see Childress v. Trans Union, LLC*, 2013 WL 3071273 at *2 (S.D. Ind. June 18, 2013), the Seventh Circuit and our

---

[2] The exemplar documents do not feature Bates numbers, and the FDIC has not furnished the Court with any information—either in the form of a legend, markings on individual sample documents, or an explanation in any of its filings—telling which samples belong to which categories.

District have tightly constrained the circumstances under which a court should grant a motion to reconsider.

A court should grant a motion to reconsider only in two extraordinary situations: where the court's misapprehension has produced a manifest error of fact or law, or where a controlling or significant change in fact or law has materialized since the court issued its initial ruling. *E.g.*, *Bank of Waunakee*, 906 F.2d at 1191–92; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)).  An error of misapprehension occurs where the court patently misunderstands the issue or decides the matter based on considerations beyond the issues presented by the parties for review.  *See Bank of Waunakee*, 906 F.2d at 1191; *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012).  The motion to reconsider is not an opportunity for a party whose position has been rejected to try a different approach.  *See Bank of Waunakee*, 906 F.2d at 1192 (distinguishing between "a misunderstood litigant" and "an irresolute litigant that was uncertain what legal theory it should pursue").  Evidence is not "new" if the movant could have offered it the first time she was before the court, and the movant may not advance legal theories that—although they were available—she declined or neglected to raise in the first instance.  *See Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991); *Rothwell*, 827 F.2d at 251; *Davis*, 286 F.R.D. at 412.   Motions to reconsider should be

granted only rarely.  *E.g.*, *Bank of Waunakee*, 906 F.2d at 1191; *Medical Corp. Subpoena I*, 854 F. Supp. at 1407.

## III.   Discussion

The FDIC's motion for reconsideration presents two issues for the Court's attention.  First, the FDIC asks the Court to find that its revised descriptions of the documents in Categories 25 through 28 and 30 are privileged and exempt them from the Court's earlier order compelling their production.  Second, the FDIC asks the Court to clarify which of two contradictory orders concerning documents in Category 6—one finding them privileged and another compelling their production—controls.  The Court will address each issue in turn.

### A. The FDIC's exemplar documents demonstrate that the Court misapprehended the issue originally before it.

The FDIC grounds its motion for reconsideration largely on a legal theory it did not advance in its original response to F&D's original motion to compel. In short, it points the Court to *Natta v. Zletz*, which it offers in support of the proposition that documents exchanged between an attorney and others at her firm in furtherance of her representation of a client are privileged as though the attorney exchanged them with the client himself.  (*See* Dkt. 254 at 6–7 (citing 418 F.2d 633, 637–38 n.3 (7th Cir. 1969))).  The FDIC argues that its newly revised descriptions and the exemplars it has provided for each category clearly demonstrate that the documents therein are privileged under *Natta*.  (*Id.*).

Because the FDIC did not offer *Natta* or any related precedent or legal theory in support of its original opposition to F&D's motion to compel, the

6

Court cannot now accept its argument that the documents in question are
entitled to *Natta*'s inter-attorney privilege.   *See, e.g.*, *Rothwell*, 827 F.2d at 251.
The *Natta* approach was available when the FDIC filed its original brief on the
motion to compel; indeed, the precedent is more than 40 years old.   Whether
by strategic choice or by neglect, the FDIC passed on its opportunity to avail
itself of that theory then, and it would be unjust for the Court to give the FDIC
a do-over now.   *Id.*   At the same time, the Court is mindful that—at least
implicitly—it invited the FDIC to present revised categorical descriptions
through a motion to reconsider.   (*See* Dkt. 187 at 17).   Accordingly, the Court
has considered whether the revised descriptions clearly demonstrate that the
documents in question were privileged under the theory that the FDIC
originally offered and that the Court originally rejected: that they were sent to
or from Devine in his role as Integra's legal advisor.   (*See* Dkt. 147 at 15–16,
20; Dkt. 189 at 7, 17).

When the Court compelled production of documents in these categories,
it did so because the FDIC's descriptions were "simply too vague to allow F&D
or the Court to determine that these communications were made to or from
Devine while he acted in his legal advisor role."   (Dkt. 189 at 7).   The Court
clarified that "communications between Devine, as an Integra executive, and
Integra's outside counsel" would be protected by attorney-client privilege
"provided that the outside counsel was functioning in a legal capacity."   (*Id.* at
7 n.1).   This means the FDIC can demonstrate that the Court misapprehended
its original position—and, therefore, that its motion should be granted, *see,*

*e.g.*, *Bank of Waunakee*, 906 F.2d at 1191–92—if its revised categorical descriptions plainly illustrate that either (a) Devine was connected to these communications by the act of rendering legal advice to Integra and not merely by his role as an Integra executive, or (b) these communications were clearly between Integra's outside counsel (acting in a legal capacity) and did not involve Devine at all.

The five categorical descriptions in question underwent functionally identical revisions.  Each original description stated that the documents were "prepared by attorneys or staff" at the outside law firms representing Integra. (Dkt. 254 at 6).  As revised, each description now clarifies that the documents were "prepared by or sent between" attorneys or staff at those firms.  (*Id.*). Each original description also stated that the documents were created "in anticipation of," "to further," or "for use in" litigation or bankruptcy proceedings surrounding this matter.  (*Id.*).  As revised, the descriptions clarify that the documents were not created "in anticipation of," "to further," or "for use in" those proceedings, but "for the purpose of providing legal advice to Integra regarding its participation on those proceedings."  (*Id.*).

These new descriptions clearly impart that the documents in question were exchanged between attorneys at firms representing Integra and for the purpose of advancing Integra's interests in those representations.  The new descriptions appear well-aligned with *Natta* and suggest that the communications and work-product are privileged under that theory.  However, the revised descriptions do nothing more than the originals to explain Devine's

8

relationship to the documents and whether they were produced, sent, or received by him in his role as Integra's legal advisor.  Therefore, the FDIC has failed to demonstrate that the Court misunderstood its original argument that, based on their categorical descriptions, these documents were subject to attorney-client or work-product privilege by virtue of their connection to Devine.

The Magistrate Judge nevertheless finds that he misapprehended the issue the FDIC originally placed before the Court.  An *in camera* review of the exemplar documents the FDIC has submitted with this motion has convinced the Magistrate Judge that he misapprehended the nature of the items contained in Categories 25 through 28 and 30 when the Court issued Docket Entry 189.  Review of these specific documents reveals communications between Integra's outside counsel.  These documents did not involve Devine and were not drafted by or sent to or from him.

The newest filings convince the Magistrate Judge that he must reconsider Docket Entry 189 and find that Categories 25 through 28 and 30 are protected by attorney-client privilege under *Natta*.  *See* 418 F.2d at 637–38 n.3.  The Court reiterates that the FDIC's failure to raise *Natta* in its original response to F&D's motion to compel bars it from raising that argument now.  Regardless, the question before the Court—then and now—is whether the documents in Categories 25 through 28 and 30 are privileged.  Without question, the exemplar documents are entitled to the protections of attorney-client privilege and demonstrate that the Court misapplied its focus in the first

9

instance to Devine's role at the expense of answering ultimate question of privilege.  This error entitles the FDIC to reconsideration, and the Court's finding of privilege exempts the FDIC from producing documents in Categories 25 through 28 and 30.

### B. Documents in Category 6 are protected as work-product and need not be produced.

The FDIC also asks the Court to resolve a discrepancy between its entry on F&D's motion to compel and its entry on the September 11 status conference.  In the former, the Court held that documents in Category 6 were protected by the work-product doctrine and that they need not be disclosed. (Dkt. 189 at 17).  In the latter, the Court stated that the FDIC must produce documents in Category 6.  (Dkt. 250 at 1).

Simply put, the FDIC was the victim of a typographical error in the Court's entry on the status conference.  The Court originally found that the documents in Category 6 were privileged work-product.  The Court's errant typing notwithstanding, nothing has changed that fact.  Accordingly, the FDIC need not produce documents from Category 6.

### IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** the FDIC's motion for reconsideration insofar as it holds that the documents in Categories 25 through 28 and 30, upon *in camera* review of their exemplar documents, are

privileged.  The Court also **GRANTS** the motion insofar as it clarifies that the

FDIC need not produce documents from Category 6.

      **SO ORDERED** the 6th day of November, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.