UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Integra Bank, N.A., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:11-cv-19-RLY-WGH |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND, | ) ) ) ) | |
| Defendant. | ) | |

**ENTRY SUPPORTING THE MAGISTRATE JUDGE'S
MARGINAL ORDER AT DOCKET NO. 270 GRANTING, IN PART,
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

On August 14, 2013, the Federal Deposit Insurance Corporation, as Receiver for Integra Bank, N.A. ("the FDIC-Receiver"), filed a Motion for a Protective Order Precluding the Noticed Rule 30(b)(6) Deposition of the FDIC-Receiver. (Docket No. 236). The amended Rule 30(b)(6) deposition notice required the FDIC-Receiver to designate one or more persons to testify on its behalf regarding certain matters of examination listed as Exhibit A to the notice. "Exhibit A" contained 35 separate "matters of examination," which contained an additional 22 subtopics. The "matters of examination" largely began by asking the FDIC-Receiver to produce a witness(es) who could testify to "the factual basis for . . . ." Other "matters of examination" required the

FDIC-Receiver to testify to "[w]hen Integra first learned . . ." (#22), or "[t]he identity of the person at Integra who first learned . . . ." (#23).

The FDIC-Receiver's Motion for a Protective Order agreed to allow the deposition to be taken as to the "matters of examination" 2, 19-20, 26-27, and 35, but otherwise requested the court to enter the Protective Order quashing all other topics within the notice.

After a review of the Response in opposition to the Motion for a Protective Order (Docket No. 252 filed September 17, 2013) and Reply (Docket No. 268 filed October 11, 2013), the Magistrate Judge issued an order granting the FDIC-Receiver's Motion for a Protective Order on all topics which they requested relief, except for topic 10. (Docket No. 270). The FDIC-Receiver was required to make a person available to address topic 10, as well as those topics previously agreed to by the FDIC-Receiver.

This entry is to establish the rationale for the order entered at Docket No. 270.

The Magistrate Judge agrees with the FDIC-Receiver that topics 1, 3-9, 11-16, 22-25, and 28-34 of the notice improperly seek testimony regarding pre-receivership activities by Integra. Integra originally filed this lawsuit in February 2011, many months before the bank was closed and the FDIC was appointed Receiver. The Magistrate Judge agrees that when the FDIC is appointed as receiver of a failed bank under federal law, it does not "become" the bank, either factually or legally. See 12 U.S.C. § 1821(d). Under these circumstances, it would be unduly burdensome to require the FDIC to

educate its own employees for purposes of a deposition in the extreme detail required by the amended notice. The information which falls within these numbered topics is equally available to the FDIC-Receiver and F&D through their examination of bank representatives who are witnesses themselves. The FDIC-Receiver need not respond to those topics for that reason.

As to topics 17 and 18, the topics are overbroad in that they seek factual bases for the answer of all interrogatories and all requests for admission. While contention <u>interrogatories</u> are recognized as a method of explaining a party's position prior to trial, the Magistrate Judge concludes that requiring the FDIC-Receiver to prepare persons to testify as to the bases of those answers would be unduly burdensome.

"Matter of examination" 21 seeks a person to testify to the factual basis for 22 separate subtopics encompassing virtually every allegation in the amended Supplemental Complaint. The Magistrate Judge concludes that this is unduly burdensome and not required. *See, for example, Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082 at *9 (N.D. Ill., January 24, 2000). Given that the FDIC is the Receiver for Integra, requiring the FDIC itself to provide a witness as to each and every allegation in the amended Supplemental Complaint would require its counsel to provide the witnesses and evidence necessary to try its case. In this complex case involving allegations of fraud which occurred well before the FDIC took over the bank, requiring the FDIC to tender a witness as to each of these "matters" simply requires the FDIC's counsel to present its case in chief. The information which is necessary to

support the allegations of the amended Supplemental Complaint is equally available to both parties in this case, and is not within the exclusive control of the FDIC-Receiver.  It is unduly burdensome to require the FDIC-Receiver's counsel to prepare all witnesses necessary to establish its case in the scope of a 30(b)(6) deposition.

Therefore, the Motion for Protective Order is **GRANTED**, as previously specified at Docket No. 270.

**SO ORDERED** the 18th day of November, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.