UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for Integra Bank, N.A.,<br><br>     Plaintiff,<br><br>  v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND,<br><br>     Defendant. | )<br>)<br>)<br>)<br>) 3:11-cv-00019-RLY-WGH<br>)<br>)<br>)<br>)<br>)<br>) |

### ENTRY ON F&D'S OBJECTION TO MAGISTRATE JUDGE'S ENTRY ON MOTION FOR PROTECTIVE ORDER

Plaintiff, Federal Deposit Insurance Corporation, as receiver for Integra Bank, N.A. ("FDIC"), seeks to recover on a financial institution bond issued to Integra by Defendant, Fidelity and Deposit Company of Maryland ("F&D"). F&D sought to depose Integra's former litigation counsel, Lawrence Rifken ("Mr. Rifken"), and in response, the FDIC sought a protective order. (Docket # 148). The Magistrate Judge granted the FDIC's motion for a protective order. (Docket # 190). F&D objects to the Magistrate Judge's ruling and requests that the court reverse the Magistrate Judge and allow F&D to depose Mr. Rifken. For the reasons set forth below, F&D's objection is **OVERRULED**.

  **I. Background**

Integra Bank fell victim to Louis Pearlman's Ponzi scheme resulting in a loss of roughly $20 million from his unpaid loans. Mr. Rifken served as outside counsel for

1

Integra after Pearlman defaulted on his loans.  Mr. Rifken represented Integra in five matters regarding Pearlman: (1) prosecuting Integra's direct lawsuit against Pearlman and his corporate entity, Trans Continental Airlines ("TCA"); (2) forcing Pearlman and TCA into involuntary bankruptcy; (3) defending Integra in a lawsuit filed by victims of Pearlman's Ponzi scheme; (4) defending Integra in an adversary proceeding by Pearlman's Bankruptcy Trustee; and (5) prosecuting this action.  On October 26, 2011, the FDIC was substituted for Integra as plaintiff, and FDIC's attorneys became counsel of record on January 12, 2012.  Mr. Rifken no longer represents any party in this case.

On December 7, 2012, the FDIC completed its production of electronic documents and produced its privilege log.  Ten days later, F&D notified the FDIC that it would need to depose Mr. Rifken based on the recent productions, and then, on January 18, 2013, F&D issued a subpoena for Mr. Rifken's deposition.  The FDIC filed its motion for a protective order on March 28, 2013.  The next day, F&D filed an emergency motion to take an additional ten depositions (Docket # 149), which the Magistrate Judge granted in part and denied in part.  The entry on F&D's motion to take additional depositions required F&D to show good cause for deposing anyone not listed in the order.  (Docket # 153).  Mr. Rifken was not listed in that order.  (*Id.*).

The FDIC filed its Motion for Protective Order (Docket # 148) to prevent F&D from deposing Mr. Rifkin.  The Magistrate Judge granted the motion.  Recognizing that the party seeking to prevent discovery bears the burden, the Magistrate Judge found that the heightened standard in *Shelton v. Am. Motors Corp.* was appropriate here because his

earlier order on the additional depositions required good cause for any additional depositions. (Docket # 190 at 3-4).

## II. Standard of Review

The district court's review of a magistrate judge's discovery ruling is governed by Rule 72(a) of the Federal Rules of Civil Procedure, which provides: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). Under the clear error standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indust. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). "A deferential standard of review is particularly appropriate when the magistrate judge 'has managed the case from the outset and developed a thorough knowledge of the proceedings.'" *Vision Center Northwest, Inc. v. Vision Value, LLC*, No. 3:07-CV-183RM, 2008 WL 5191456, * 1 (N.D. Ind. Dec. 10, 2008) (citing *Cooper Hosp. University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

## III. Discussion

F&D seeks to depose Mr. Rifken regarding (1) his conduct as an investigator for Integra, (2) his communications with Pearlman's bankruptcy trustee, and (3) his communications with F&D. Specifically, F&D seeks to depose Mr. Rifken regarding when he uncovered the facts revealing payments made to Harrington by Pearlman after he left Integra. The FDIC relies on these facts, among others, to establish the time of

3

discovery. (Docket # 207 at 2). F&D asserts that Mr. Rifken learned of these facts two years prior to the filing of this action, which would make this action time-barred. *(Id.)*. In challenging the Magistrate Judge's Order, F&D argues that the Magistrate Judge's Order is contrary to law because (1) Mr. Rifken's knowledge is discoverable under Federal Rule of Civil Procedure 26, and (2) the information sought in deposing Mr. Rifken is not privileged.

The FDIC rebuts F&D's contention that the Magistrate Judge's Order is contrary to law. First, the FDIC asserts that the earlier order put the burden on F&D and not the FDIC. Because of this, the FDIC argues that following the *Shelton* test was appropriate and asks the court to sustain the Magistrate Judge's determination that F&D did not satisfy the three elements of that test. Finally, the FDIC asserts that the Magistrate Judge correctly applied the common interest privilege.

The Magistrate Judge's Order recognizes that the FDIC would usually bear the burden for a protective order. However, due to the prior ruling requiring good cause for any additional depositions, the Magistrate Judge placed the burden on F&D. The Magistrate Judge applied the *Shelton* standard for depositions of attorneys and concluded that F&D did not satisfy the test. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

### A. The *Shelton* Test

F&D argues that the Magistrate Judge erred by applying *Shelton* and should have followed *Kaiser v. Mutual Life Ins. Co.*, 161 F.R.D. 378, 381-82 (S.D. Ind. Aug. 23, 1994) and *Cascone v. The Niles Home for Children*, 897 F. Supp. 1263 (W.D. Mo. 1995).

4

The *Kaiser* court held that the attorney could be deposed, just like any other witness, and that during the deposition he could object to questions calling for privileged information. *Kaiser*, 161 F.R.D. at 381. The court reasoned that none of the concerns addressed by other courts regarding attorney depositions "justify a court deviating from the framework provided in the rules for raising and resolving such concerns." *See id*. In *Cascone*, the court found that *Shelton* did not control because it applied only to cases where "the deposing party sought information the attorney acquired *after* litigation began and only to prepare her client's case." *Cascone*, 897 F. Supp. at 1267 (emphasis in original). Because F&D seeks information from before this litigation began, it argues that *Shelton* cannot apply.

The FDIC argues that *Shelton* is not incompatible with Seventh Circuit law and numerous courts within the circuit have followed it. (Docket # 230) (citing *Miyano Machinery USA, Inc. v. MiyanoHitec Machinery, Inc.*, 257 F.R.D. 456, 464-65 (N.D. Ill. 2008) and *Picco v. Gen. Elec. Co*, No. 1:01-cv-336, 2003 WL 21918628, *2 (N.D. Ind. Mar. 6, 2003)). In addition, the FDIC echoes the Magistrate Judge's contention that whether or not a court applies *Shelton*, it must still address the "propriety and need" for the attorney's deposition.

Courts in the Seventh Circuit have adopted both of the above approaches for resolving disputes surrounding attorney depositions. Because there appears to be no majority approach in this jurisdiction, the court is not left with a strong conviction that the Magistrate Judge erred in applying the *Shelton* test. Therefore, the Magistrate Judge's decision to apply *Shelton* is not contrary to law. The court will next examine

whether the Magistrate Judge's finding that F&D failed to meet the *Shelton* test was contrary to law or clearly erroneous.

### B.  *Shelton* Analysis

F&D seeks to depose Mr. Rifken regarding three things: (1) his conduct as an investigator for Integra, (2) his communications with Pearlman's bankruptcy trustee, and (3) his communications with F&D.  The *Shelton* test requires the party seeking to depose the other party's attorney to show: (1) no other means exist[s] to obtain the information than to depose opposing counsel . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.  *Shelton*, 805 F.2d at 1327.

#### 1.  No other means exist.

The Magistrate Judge found that other means exist to obtain the information.  The Magistrate Judge based his finding on the fact that F&D already deposed several Integra officials and noticed the deposition of the Pearlman trustee.  In addition, the Magistrate Judge noted that F&D offered no proof that Mr. Rifken possesses the only knowledge of these conversations.

F&D argues that it meets this element because Mr. Rifken possesses facts that he learned through third party conversations that relate to F&D's defense.  The FDIC counters that F&D fails to explain why Mr. Rifken is the only source of information.  Thus, FDIC argues that the Magistrate Judge correctly found that other means exist to obtain the information.

The court agrees with the Magistrate Judge and finds the information sought can be obtained by deposing the third parties with whom Mr. Rifken conversed. Although an admission by the opposing party's counsel may carry more weight with a jury, the protection of the attorney client relationship requires more than a desire for the information; an actual need must be shown. Because the *Shelton* test requires that all three factors be met, this failure to meet the first factor results in a failure of the test. Thus, F&D's objection to the Magistrate Judge's Entry on Motion for Protective Order is **OVERRULED**. Because F&D fails to satisfy the first prong, the court will only briefly consider the remaining two prongs.

### 2. Information is relevant and nonprivileged.

The Magistrate Judge found that the communications would be protected by the attorney-client privilege and/or the work product privilege. In addition, he found that any communications between Mr. Rifken, the Pearlman Bankruptcy Trustee, and other members of the Pearlman Bankruptcy Creditors Committee are protected by the common interest doctrine because they share a common legal interest in the maximization of the bankruptcy estate.

F&D asserts that the Magistrate Judge erred in determining that the information it seeks is privileged. F&D also asserts the common interest doctrine does not apply for two reasons: (1) the FDIC did not establish a common interest with the trustee and (2) even if a common interest existed, communication containing purely factual information is not immune from discovery. The FDIC counters that the common interest doctrine does apply and that communications of factual information are covered by privilege.

7

The court finds that Mr. Rifken's investigation is protected by the attorney-client privilege and work product privilege. The Supreme Court found in *Upjohn* that factual investigations performed by attorneys as attorneys fall comfortably within the protection of the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383,401 (1981). Here, there is no indication that Mr. Rifken performed his investigation in any other capacity. As such, the court finds that the attorney-client privilege applies to his conduct as an investigator. Additionally, as the court decided in its Entry on Objections to the Magistrate's Ruling on the Motion to Compel, the documents he prepared in anticipation of the five Pearlman related lawsuits would be covered by the work product privilege. The court therefore finds that the Magistrate Judge's findings were not contrary to law.

In addition, the court finds a common interest existed between the bankruptcy trustee and Mr. Rifken. "The common interest doctrine is really an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third party." *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815–16 (7th Cir. 2007) (emphasis added) (citing, inter alia, *U.S. v. Evans*, 113 F.3d 1457, 1467 (7th Cir. 1997)). For the doctrine to apply, three elements must be present: "(1) the parties must be aligned with regard to a common legal interest; (2) the parties must have agreed to share the privileged information; and (3) the information must remain confidential." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa v. Mead Johnson & Co.*, 3:11-cv-15-RLY-WGH, 2012 WL 28304, * 2 (S.D. Ind. Jan. 5, 2012). The common interest doctrine protects a communication made when a non-party sharing the client's interest is

8

a party to the confidential communication between the attorney and client. It applies whenever the communication is made in order to facilitate the rendition of legal services to each of the clients involved in the communications. *See In re Mortgage & Realty Trust*, 212 B.R. 649, 653 (Bankr. C.D. Cal. 1997).

Relying on *Mortgage & Realty Trust*, the Magistrate Judge found a common interest in the maximization of the bankruptcy estate. In that case, the Court held that the a three-way conversation between the debtor's executive vice president, bankruptcy counsel for the debtor, and counsel for the committee of creditors was protected by the attorney client privilege because of the common interest doctrine. *See id.* The Court found there is often a common interest in bankruptcy proceedings between a debtor in possession and the committee of creditors to maximize the value of the bankruptcy estate *See id.* The Court reasoned that the common interest doctrine "does not require a complete unity of interests" and "applies even where the parties' interests are adverse in substantial respects." *See id.*

The court finds the reasoning in that case to be persuasive. Like the debtor in possession, the trustee is also a fiduciary who seeks to maximize the value of the estate. *See In re Chicago Art Glass, Inc.*, 155 B.R. 180, 187 (Bankr. N.D. Ill. 1993) ("A bankruptcy trustee is a fiduciary of the estate's creditors, and his duty to collect and conserve the assets of the estate and to maximize distribution to creditors is a fiduciary obligation."); *see also In re Davidson*, 402 B.R. 877, 881 (Bankr. S.D. Ind. 2009) (quoting *In Re Davis*, 899 F.2d 1136, 1143 n. 15 (11th Cir. 1990) for the proposition that "the bankruptcy trustee . . . owes a complex set of obligations and fiduciary duties to the

9

court, the debtor, . . . and, most importantly, *the creditor*."(emphasis in original)); *see also, In re Johnston*, No. 11-3242-RLM-11, 2013 WL 1337757, * 2, n. 1(Bankr. S.D. Ind. Mar. 29, 2013) (noting that a debtor in possession acts as a fiduciary of the bankruptcy estate). Because a trustee is under similar obligations to a debtor in possession, the court finds the reasoning in *Mortgage & Realty Trust* applies equally in this case. Therefore, the court agrees with the Magistrate Judge that a common interest to maximize the value of the estate existed, and some, if not all, of Mr. Rifken's communications in this regard are protected.[1]

### 3. Information is crucial.

According to F&D, Mr. Rifken's pre-litigation communications with third parties directly relate to F&D's defenses, thus making it crucial. F&D advances no argument with which the court could find a mistake of law or clearly erroneous decision. Without anything more than a conclusory statement, the court finds that the Magistrate Judge's conclusion that the information is not crucial is sound, and F&D fails to satisfy this prong.

### IV. Conclusion

The court finds that the Magistrate Judge's Order was not contrary to law or

---

[1] The court need not be concerned that some of the communications may not fall under the common interest exception, because F&D fails to meet the other two prongs.

clearly erroneous.  Applying the *Shelton* test was not error by the Magistrate Judge, and F&D failed to satisfy that test.  For these reasons, F&D's objection to the June 3, 2013, Ruling on Motion for Protective Order (Docket # 207) is **OVERRULED**.

**SO ORDERED** this 26th day of November 2013.

                                                                                    _____
                                                                                    RICHARD L. YOUNG, CHIEF JUDGE
                                                                                    United States District Court
                                                                                    Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.