UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| INTEGRA BANK CORPORATION, | ) | |
| INTEGRA BANK, N.A., | ) | |
| FEDERAL DEPOSIT INSURANCE | ) | |
| CORPORATION as Receiver for Integra | ) | |
| Bank, N.A., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:11-cv-00019-RLY-WGH |
| vs. | ) | |
| | ) | |
| FIDELITY AND DEPOSIT COMPANY OF | ) | |
| MARYLAND, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON F&D'S OBJECTION TO THE OCTOBER 18, 2013 RULING
GRANTING IN PART PLANTIFF'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, Federal Deposit Insurance Corporation, as receiver for Integra Bank,

N.A. ("FDIC"), seeks to recover on a financial institution bond issued to Integra by

Defendant, Fidelity and Deposit Company of Maryland ("F&D").  F&D served a Rule

30(b)(6) Deposition Notice on the FDIC, and in response, the FDIC sought a protective

order.  (Docket # 236).  The Magistrate Judge granted in part the protective order.

(Docket ## 270, 282).   F&D filed a partial objection.  (Docket # 278).  For the reasons

set forth below, F&D's objection is **OVERRULED in part** and **SUSTAINED in part**.

## I.      Background

This case arises out of the Ponzi scheme committed by Louis Pearlman

("Pearlman").  Throughout the scheme, Pearlman and his related entities obtained several

loans from Integra, which totaled approximately $29 million.  (Supplemental Complaint ¶

1

39).  Pearlman allegedly collaborated with Stuart Harrington ("Harrington"), Executive

Vice President of Commercial Lending at Integra, to obtain these loans.  Pearlman

submitted false financial reports and documentation during the loan process to

Harrington, who allegedly knew the documents were false but nevertheless secured the

loans for Pearlman.  When Pearlman and his related entities defaulted on the loans, they

left Integra with losses of nearly $23 million.  (*Id.* at ¶¶ 36, 41).

Integra purchased a financial institution bond from F&D with a coverage period

from July 1, 2007 to July 1, 2010.  The policy covered those losses discovered during that

time period regardless of when the loss occurred.  On June 29, 2010, Integra filed a proof

of loss.  (Docket # 154-3 ("Supplemental Proof of Loss")).  F&D refused to provide

coverage to Integra under the bond.  As a result, in February 2011, Integra filed suit

alleging breach of contract and seeking a declaratory judgment that it is entitled to

coverage under the policy.  Near the end of July 2011, Integra failed and the FDIC

became receiver.

On July 31, 2013, F&D served an amended notice of deposition under Federal

Rule of Civil Procedure 30(b)(6).  The notice contained 35 matters of examination with

30 additional subparts.  The FDIC sought a protective order from the court arguing that it

would be an undue burden for it to comply with the notice and that the information

sought is duplicative.  The Magistrate Judge entered a marginal order granting in part the

FDIC's motion for a protective order (Docket # 270 (the "Marginal Entry")); he then

entered an entry supporting the marginal order (Docket # 282 (the "Supporting Entry")).[1]
F&D filed its objection (Docket # 278) prior to the Magistrate Judge's Supporting Entry,
and the FDIC filed its response (Docket # 283) on the same day as the Supporting Entry
was entered.  Both parties indicated that they would supplement their filings to address
additional issues, and to date, neither party has done so.  F&D only objects to the
Magistrate Judge's ruling for Topic Numbers 17-18 and 21-23.

## II.      Standard of Review

The district court's review of a magistrate judge's discovery ruling is governed by
Rule 72(a) of the Federal Rules of Civil Procedure, which provides: "The district judge to
whom the case is assigned shall consider such objections and shall modify or set aside
any portion of the magistrate judge's order found to be clearly erroneous or contrary to
law."  FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1).  Under the clear error
standard, "the district court can overturn the magistrate judge's ruling only if the district
court is left with the definite and firm conviction that a mistake has been made."  *Weeks
v. Samsung Heavy Indust. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).  "A deferential
standard of review is particularly appropriate when the magistrate judge 'has managed
the case from the outset and developed a thorough knowledge of the proceedings.'"
*Vision Center Northwest, Inc. v. Vision Value, LLC*, No. 3:07-CV-183RM, 2008 WL

---

[1] The Magistrate Judge's two entries are inconsistent in one regard.  In the Marginal Entry, the
Magistrate Judge denied the protective order for Topic 22(a); however, in the Supporting Entry,
he granted the protective order for Topic 22(a).  Because the court finds that the FDIC must
supply a witness to testify to all of Topic 22, this discrepancy is immaterial.

5191456, * 1 (N.D. Ind. Dec. 10, 2008) (citing *Cooper Hosp. University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

### III.   Discussion

F&D seeks to depose a representative from the FDIC.  According to the Federal Rules of Civil Procedure,

> a party may name as the deponent a public or private corporation, . . . a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more . . . persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

30(b)(6).  Under Rule 30(b)(6) an entity has a duty to prepare its deponent to "adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know."  *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, * 8 (N. D. Ill. Jan. 24, 2000) (citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)).  The deponent's testimony reflects the knowledge, opinions, and beliefs of the entity and not of the deponent.  *See id.* at 9.  This includes the entity's interpretation of events and documents.  *See id.*

Like other discovery, a 30(b)(6) deposition is limited in scope by Rule 26.  A court is required to limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  In addition, a party may move for a protective order, which the court may grant "for good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c).  The burden is on the party seeking the protective order to demonstrate that good cause exists for the entry of the order by making a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).  In addition, "[b]efore restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it and taking into account society's interest in furthering the truthseeking function."  *Patterson v. Avery Denninson Corp.*, 281 F.3d 676, 681 (7th Cir. 2007) (internal quotation and citation omitted).

### A.  Topics 17 and 18

Topic 17 requests a deponent to testify to "answers to F&D's interrogatories and the factual basis for such answers."  Topic 18 similarly requests testimony on "answers to F&D's Request for Admission."  The Magistrate Judge found that these topics were overbroad.  (Supporting Entry 3).  F&D does not address this reasoning and instead argues that the topics are not duplicative of prior discovery because the FDIC's responses to the interrogatories did not include a factual basis, but mere conclusory statements.  The FDIC responds that requests such as those contained in Topics 17 and 18 have been denied by the courts.  *See Catt v. Affirmative Ins. Co.*, No. 2-08-cv-243-JVB-PRC, 2009 WL 1228605, * 7 (N.D. Ind. 2009)(granting a protective order for a request for testimony

5

on the answers to interrogatories because it did not satisfy the reasonable particularity requirement of Rule 30(b)(6)).

For example, in *Smithkline Beecham Corp.*, the court denied a motion to compel where the defendant sought a 30(b)(6) witness to testify regarding the defendant's responses to interrogatories.  2000 WL 116082 at * 9.  The court denied the motion because the defendant was "not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify."  *Id.*  In addition, the court found that the attorney client privilege would be implicated because the attorneys assist in the preparation of the responses.  *Id.*

Here, F&D served more than 24 interrogatories and 115 requests for admission. The interrogatories cover a vast majority of the topics in the complaint.  The FDIC has supplemented its interrogatory responses and in several answers it points to bate numbers where the factual basis for its assertions can be found.  The court thus finds that the Magistrate Judge's decision to grant a protective order for Topics 17 and 18 as overbroad is not clearly erroneous.  F&D's objection for these topics is **OVERRULED**.

### B.  Topic 21

Topic 21 consists of subparts 'a' through 'v' and requests "the factual basis for the allegations in the Amended Supplemental Complaint, including, but not limited to, the FDIC's allegation . . ." in Paragraphs 31, 34, 36, 42, 43, 44, 68, 92, 93, 94, 121, 122, 124, 125, 127, 142, 143, 145, 148, 150, 155, and 172.  The Magistrate Judge found that responding to each of the subtopics would amount to a requirement that the FDIC present

its case in chief.  He also found that to prepare witnesses to this extent would be an undue burden.

The court agrees with the Magistrate Judge that a response to Topic 21 would be tantamount to the FDIC putting on its case in chief.  The notice seeks testimony on nearly all of the allegations in the amended supplemental complaint.  In addition, the court finds that the information sought in Topic 21 is largely duplicative of the responses to the interrogatories provided by the FDIC.  *See F.D.I.C. v. Wachovia Insurance Services, Inc.*, No. 3:05 cv 929(CFD), 2007 WL 2460685 (D. Conn. Aug. 27, 2007); *see also CSX Transportation, Inc. v. Vela*, No. 2:06-cv-112-RLY-WGH, 2007 WL 3334966 (S.D. Ind. Nov. 8, 2007).  For the FDIC to educate one of its employees who is starting with little to no knowledge of the intricate facts of this case would require the FDIC to spend numerous hours and dollars.  The court gives deference to the Magistrate Judge's finding that the information upon which the employees would be basing their testimony is equally available to the FDIC and F&D and that the FDIC has responded to Topic 21 through other discovery vehicles.  Therefore, the court does not find that the Magistrate Judge's conclusion that this would be unduly burdensome is clearly erroneous.  F&D's objection to Topic 21 is **OVERRULED**.

### C.  Topics 22-23

Topic 22 requests "[w]hen Integra first learned" and Topic 23 requests "the identity of the person at Integra who first learned" the following:  (a) of the forgery alleged in [] paragraph 149 of the Amended Supplemental Complaint; (b) of Louis Pearlman's Ponzi scheme; (c) that Harry Milner was not associated with Trans

Continental Airlines; that Cohen & Sigel was a fictitious entity; and (e) that Harrington received a payment from Pearlman and/or Pearlman Companies."  The Magistrate Judge again found that it would be an undue burden to require the FDIC to educate its employees in the "extreme detail" for the noticed deposition as to topics 22-23.  In addition, he stated that these requests improperly sought testimony regarding pre-receivership activities by Integra.

F&D argues that the Magistrate Judge's ruling, contrary to law, immunizes the FDIC from 30(b)(6) depositions, and that there is a duty on the FDIC to prepare a witness for the deposition, despite the witness not having first hand knowledge, for the deposition.  The FDIC responds that the information sought is cumulative of prior depositions and responses, and therefore, it would be an undue burden to educate its employee(s) for the deposition.  The court agrees that a duty to educate the deponent exists; however, the question in this case is whether that duty is unduly burdensome given the facts of this case. The Magistrate Judge found that it was, and the court disagrees.

To find that Topics 22 and 23 require "extreme detail" in answering is clearly erroneous.  Each topic asks for a date and a name associated with the discovery of five facts.  Despite the FDIC's assertion, these requests do not require the FDIC employee(s) to become "bank historians" but rather to learn a few key dates and players from information already in its possession.  This is not an undue burden, but is the duty that Rule 30(b)(6) places upon entities.  *See Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, 09-cv-3983, 2011 WL 6318605, * 4 (N.D. Ill. Dec.

15, 2011) (finding that under Rule 30(b)(6), "a corporation is required to educate its designee concerning all 'reasonably available' information, even if such information is not within the knowledge of the corporation's current employees.").

Furthermore, the court finds that the FDIC did not meet its burden to show these requests were duplicative in order to obtain a protective order.  The FDIC asserts that it has already provided the information requested through depositions and interrogatories; however, the cited depositions and interrogatories do not specifically respond to the information sought in Topics 22 and 23.  For example, the FDIC asserts that it answered Topic 22 in its response to Interrogatory No. 3; however, that response does not contain a date or event associated with the acquisition of such knowledge to indicate when Integra learned of the forged stock certificates.  As such, the court finds that they are not duplicative requests and the issuance of a protective order on such grounds was error.

**IV.    Conclusion**

Rule 26 protects a party from suffering an undue burden in producing discovery. The court agrees with the Magistrate Judge that Topics 17, 18, and 21 place an undue burden on the FDIC.  As such, the issuance of a protective order under Rule 26 is not contrary to law or clearly erroneous, and the court **OVERRULES** the objection to those topics.  On the other hand, the court finds that the Magistrate Judge's conclusion that

9

Topics 22 and 23 would cause an undue burden is clearly erroneous.  Therefore, the court **SUSTAINS** the objection (Docket # 278) for Topics 22 and 23, and orders the FDIC to produce a witness to testify to those topics.  The FDIC need not prepare the witness for more than is specifically noticed in Topics 22 and 23.

**SO ORDERED** this 10th day of January 2014.


RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.